**THOMPSON FISHTAIL PROPELLERS CO. v. CLOVERLEAF PROPELLERS CO. et al.**

(District Court, W. D. Washington, N. D. October 8, 1923.)

No. 319.

Patents ⬤⟿328—Patent No. 1,418,991, for propeller, held not infringed.

Patent No. 1,418,991, for an improvement in screw propeller, *held* not infringed.

In Equity. Suit by the Thompson Fishtail Propellers Company against the Cloverleaf Propellers Company and another. Bill dismissed.

Carroll B. Graves, of Seattle, Wash., for plaintiff.

Chas. E. Townsend and Wm. A. Loftus, both of San Francisco, Cal. (Kerr, McCord & Ivey, of Seattle, Wash., of counsel), for defendants.

CUSHMAN, District Judge. This suit is for the infringement of patent No. 1,418,991, for an improvement in screw propeller. The claim of the patent is:

"A propeller comprising a hub and a series of bifurcated blades disposed in helical relations with respect to each other about the hub, the bifurcation or fluke elements of said blades being broad and of substantially plano-convex form in transverse section with the convex sides of the complementary flukes at the front and rear sides respectively, the complementary flukes of a blade

being curved to have the tips and outer side portions thereof respectively directed forwardly and rearwardly or toward each other and with the outer edges of each pair of flukes coextensive and in the similitude of an elongated letter S.".

The court finds it unnecessary to determine any question save that of infringement.

Objection was sustained for want of certification to the introduction in evidence of copies from the Patent Office of the disclosures in a considerable number of the patents pleaded by defendants as anticipating plaintiff's patent. However, enough of the prior art is shown to make clear the fact that at most the patent in suit is in no sense a pioneer, and that the range of its equivalents must be quite limited.

In the claim the blade of the propeller is in part described as follows:

"The bifurcation or fluke elements of said blades being broad."

If it be conceded that the vagueness injected into the claim by the use of the word "broad" does not render the claim invalid, and that the uncertainty created by its use is removed by reference to the drawings, yet the court does not find the "fluke" of defendants' propeller to be broad in the sense that the fluke of plaintiff's patent is broad. The form of the fluke might be disregarded, were it not for the rule that form becomes important, when the claims are based upon it, or it is specified as a means by which the effect of the alleged invention is produced. The specifications of the patent state:

"The invention consists of a propeller having a plurality of bifurcated blades of peculiar form which are disposed in spiral or helical relations."

The claim also states:

"Complementary flukes at the front and rear sides respectively, the complementary flukes of a blade being curved to have the tips and outer side portions thereof respectively directed forwardly and rearwardly or toward each other and with the outer edges of each pair of flukes coextensive and in the similitude of an elongated letter S."

The meaning of this part of the claim is not clear to the court. The tips of a letter S in a sense may be said to be bent back and so directed toward each other. The tips of an elongated letter S might be so directed. In Figure 3 of the drawings, while the curvature is shown, the tips of the flukes are not sufficiently curved to be directed toward each other. If it was intended to describe the tip of the following fluke as curved back toward the tip of the leading fluke of the following blade, which was curved forward toward it, it is not so stated in the claim. This doubt is not cleared or lessened by the specifications. In both foregoing respects, the claim cannot be read upon defendants' device.

The bill will be dismissed.